IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TONYA LEE MIMS<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | ORDER DISMISSING PLAINTIFF'S 28 U.S.C. § 2255 MOTION<br><br><br><br>Case No. 2:06-CV-00492 PGC |

Plaintiff Tonya Lee Mims, an inmate at the Federal Prison Camp in Phoenix, Arizona, moves the court to correct her sentence under 28 U.S.C. § 2255 [#1]. After pleading guilty to violating the federal mail fraud statute, 18 U.S.C. § 1341, the court sentenced Ms. Mims to 33 months in prison and 36 months of supervised release. She now brings three claims asserting relief under § 2255: (1) she did not fully understand the consequences of her guilty plea, (2) she was denied an appeal, and (3) her ex-husband was never charged for his alleged involvement in the crime. For reasons discussed below, the court DENIES Mrs. Mims § 2255 motion [#1].

## BACKGROUND

On April 20, 2005, Mrs. Mims pleaded guilty to one count of mail fraud.[1] Prior to

---

[1] Case No. 2:05-CV-222 DKW, Docket No. 4 (Apr. 20, 2005).

pleading guilty, she and her attorney signed a Statement in Advance of Plea of Guilty.[2]  In that Statement, Ms. Mims stated that she knew "that the maximum possible penalty provided by law for a violation of [18 U.S.C. § 1341] is a term of imprisonment of up to 20 years."[3]  She indicates her knowledge that "the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a) . . . [and that] the final calculation by the Court for sentencing purposes may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact."[4]  Ms. Mims indicates her knowledge that "there is no appellate review of any lawful sentence imposed under the plea of guilty . . . [and that she] may appeal the sentence imposed . . . only if the sentence is imposed in violation of law, or . . . is unreasonable."[5]  Finally, she specifically indicates in her Statement that "No one has told me that I would receive probation or any other form of leniency because of my plea."[6]

At sentencing, the court found Ms. Mims' total offense level to be 20 and her criminal history category to be I.[7]  On August 24, 2005, the court sentenced her to 33-months in prison, 36-months of parole, and ordered restitution in the amount of $ 1,788,592.62.  On June 6, 2006, she filed her motion to correct her sentence under 28 U.S.C. § 2255 [#1].

---

[2] Statement in Advance of Plea, Case No. 2:05-CV-222 DKW, Docket No. 7 (Apr. 20, 2005).

[3] *Id*. at ¶ 2.

[4] *Id*. at ¶ 3.

[5] *Id*. at ¶¶ 8-9.

[6] *Id*. at 6, ¶ 3.

[7] Case No. 2:05-CV-222 DKW, Docket No. 12 (Aug. 24, 2005).

**DISCUSSION**

Ms. Mims moves to correct her sentence under 28 U.S.C. § 2255, by arguing three distinct errors by the court. First, she argues that she did not fully understand the consequences of her guilty plea. Specifically, she states that her "attorney explained my plea agreement as 3 years of probation and not a term of prison."[8] Second, she argues her sentence should be corrected because "when I asked for an appeal, I was denied the right. I wanted to appeal immediately."[9] Finally, she argues for a corrected sentence because her "co-defendant was never charged. My ex-husband was involved and he was never charged with at least conspiracy and extortion . . . . The punishment and restitution should be at least jointly shared."[10]

Given that Ms. Mims signed a Statement in Advance of Plea and pleaded guilty to the charges against her, she must show that her sentence warrants remedy under § 2255 because it qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice" or an "omission inconsistent with rudimentary demands of fair procedure."[11] Such a high threshold for error acts as a limitation on a collateral attack and, out of a concern for finality, "has special force with respect to convictions based on guilty pleas."[12]

The court addresses each of Ms. Mims' asserted grounds for relief in turn.

*A. Plea of Guilty Without Understanding the Consequences*

Ms. Mims first claims that she pleaded guilty without clearly understanding the

---

[8] Mims' Brief at 4, Case No. 2:06-CV-492, Docket No. 1 (June 19, 2006).

[9] *Id*.

[10] *Id*. at 4-5.

[11] *United States v. Timmreck*, 441 U.S. 780, 782 (1979).

[12] *Id*. at 784.

consequences because her lawyer "explained [her] plea agreement as 3 years of probation and not a term of prison."[13] A guilty plea is valid only if it is "voluntary and intelligent."[14] While "coercion by the accused's counsel can render a plea involuntary," an "erroneous sentence estimate does not" affect the voluntary nature of the plea.[15] In *United States v. Bridges*, the Tenth Circuit in an unpublished decision found that a petitioner's "bare allegations" that "his attorney misled him with respect to the terms of his plea," were "insufficient to overcome Petitioner's signature on clear and lawful plea agreement."[16] According to Tenth Circuit law, only when a plaintiff establishes that the misrepresentation or coercion resulted in prejudice, such as by demonstrating that it creates a "'reasonable probability' that, absent the alleged coercion, 'he would not have pleaded guilty,'"will a plea be held involuntary.[17]

Ms. Mims argues that her plea was not voluntary in the sense that her attorney misrepresented the terms of her sentence. But it is clear that Mrs. Mims signed a Statement in Advance of Plea stating: "I . . . know that the final calculation by the court may differ from any

---

[13] Mims' Brief at 4.

[14] *Bousley v. United States*, 523 U.S. 614, 618-619 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)) (noting that a plea is voluntary "unless 'induced by threats, . . . misrepresentations . . . , or perhaps by promises that are by their nature improper;'" and is intelligent if the defendant is informed of the "nature of the charge" against her).

[15] *United States v. Estrada*, 849 F.2d 1304, 1307 (10th Cir. 1988).

[16] 68 Fed. Appx. 896, 900, 2003 WL 21462974, *4 (10th Cir. 2003) (citing *Voytik v. U.S.*, 778 F.2d 1306, 1309 (8th Cir. 1985) (noting that "vague allegations of impropriety and coercion fail to overcome the presumption of verity set forth in" the defendant's statement in advance of plea.)).

[17] *United States v. Wright*, 43 F.3d 491, 498 (10th Cir. 1994) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

calculation the United States, my attorney, or I may have made . . . ."[18] She also clearly stated that "No one has told me that I would receive probation or other leniency because of my plea."[19] Finally, it is important to note her own handwritten representation of 14 years of education, along with the statement that she has a "full understanding of . . . the facts and circumstances of the case and the consequences of the plea."[20]

Given her Statement, Ms. Mims offers nothing more than the unsupported allegation that her attorney misled her as to her possible sentence. But her signed Statement contradicts her own understanding. She also fails to demonstrate or allege a reasonable probability that, but for her attorney's alleged misrepresentation, she would have elected to proceed with trial and face a maximum prison term of 20 years. The court finds that Ms. Mims' Statement belies her current allegations that she failed to understand the consequences of her guilty plea. The court declines to correct her sentence under this basis.

B. Right to Appeal

Ms. Mims argues that she was denied a right to appeal. She states that "I was told by my attorney that I could not appeal. I did not have appeal rights he said. I asked the day I was sentenced to file an appeal immediately."[21] She later notes that she was denied the right to appeal, stating that "When I asked for an appeal, I was denied the right. I wanted to appeal immediately."[22] As previously noted, Ms. Mims indicated in her Statement in Advance of Plea

---

[18] Statement in Advance of Plea, ¶ 3.

[19] *Id*. at 6 ¶ 3.

[20] *Id.* ¶ 1, 6.

[21] Mims Brief, at 3.

[22] *Id*. at 4.

that "I know there is no appellate review of any lawful sentence imposed under a plea of guilty."[23]

But in this case, it appears that an appeal was never perfected by Ms. Mims, and that she never filed an appeal.  Her failure to file the appeal does not mean that the court denied her the right to appeal, but means only that Ms. Mims never exercised her right to appeal her conviction and sentence. Thus, Ms. Mims' argument really intends to demonstrate that her counsel failed to file the appeal on her behalf.  Therefore, the court construes her argument as an argument of ineffective assistance of counsel for failure to file an appeal.  In the interests of expediting the conclusion of this case, the court will simply assume (although this seems unlikely) that she instructed her counsel to appeal and he did not do so.

To establish an ineffective assistance of counsel claim, Ms. Mims must show that her counsel's performance was significantly "deficient and that she was prejudiced by that deficiency."[24]  Under *Strickland v. Washington*,[25] Ms. Mims must show that her counsel's representation fell below an objective standard of reasonableness to satisfy the first prong.  She must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[26]  The court looks at an ineffective assistance of counsel claim with "a strong presumption that counsel provided effective assistance of counsel," and Ms. Mims "has the burden of proof to overcome that

---

[23] Statement in Advance of Plea ¶ 8.

[24] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[25] 466 U.S. 668, 688 (1984).

[26] *Id*. at 694.

presumption."[27]

Ms. Mims does not explain how any appeal might have altered the outcome of her case. She does not explain why she desired to appeal her sentence and conviction. Moreover, she pleaded guilty and received the lowest possible sentence within the Sentencing Guidelines. She has not offered any persuasive argument that a lower sentence was justified. Accordingly, even if Ms. Mims could somehow manage to show ineffective assistance of counsel, she has presented no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[28] Therefore, this claim is without merit.

*C. Selective Prosecution*

Finally, Ms. Mims attacks her sentence on the basis that her ex-husband, who she claims acted as an accomplice to her crime, was never charged or received any punishment. The court finds no caselaw on point indicating that Ms. Mims' sentence should be reduced or corrected based on her unproven allegations of an accomplice's role in her crime. The closest Ms. Mims comes is that an apparent argument regarding "selective prosecution" – namely, that the government prosecuted her while neglecting to prosecute her husband for the same crime. To assert a claim of selective prosecution, Ms. Mims must establish that she "has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against" her.[29] She must also prove that the prosecution was brought in "bad faith or was based on impermissible considerations,"[30] such as

---

[27] *Kennedy*, 225 F.3d at 1197.

[28] *Strickland*, 466 U.S. at 694.

[29] *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994).

[30] *Id.*

"race, religion, or other arbitrary classification."[31] Absent such a showing, as long "as the prosecutor has probable cause to believe that the accused committed an offense," the decision to prosecute "generally rests entirely in [the prosecutor's] discretion."[32]

Ms. Mims fails to allege that the government prosecuted her in bad faith or based on an impermissible basis, such as race or religion. Her only argument is that because she alleges her husband "was involved . . . [and should be charged] with at least conspiracy and extortion,"[33] her sentence should be corrected to account for her husband's involvement with her crimes. She offers no allegations against her own government prosecution, but only argues that part of her sentence should be borne by her husband. Such an argument lacks merit, given that the government enjoys prosecutorial immunity to determine, based on probable cause, the decision whether or not to prosecute certain persons.[34] Indeed, Ms. Mims' argument attacks her sentence based on unproven allegations regarding her husband's involvement in this case. The government's decision on whether to prosecute Ms. Mims' ex-husband is solely within the government's discretion and cannot, without more, be a proper basis for relief under 28 U.S.C. § 2255. The court declines to provide Ms. Mims' requested relief on this last ground.

---

[31] *Id.* (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).

[32] *Id.*

[33] Mims' Brief at 4-5.

[34] *Armstrong*, 517 U.S. at 464.

**CONCLUSION**

For the reasons listed above, the court DENIES Ms. Mims § 2255 motion to correct her sentence [#1]. The Clerk's Office is directed to close this case.

SO ORDERED.

DATED this 18th day of July, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge